**SIGNED THIS: May 31, 2006**

                        **GERALD D. FINES**
                  **UNITED STATES BANKRUPTCY JUDGE**

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | ) |
| | ) |
| DOWNSTATE NEWS GROUP, INC., | ) Bankruptcy Case No. 05-95549 |
| | ) |
| Debtor. | ) |

OPINION

This matter having come before the Court on a Motion to Dismiss and Supplement to Motion to Dismiss filed by the Debtor; the Court, having heard sworn testimony and arguments of counsel, and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

This matter is governed by 11 U.S.C. § 303(b)(1), which states:

    (b)    An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title -

        (1)    by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount, or an indenture trustee representing such a holder, if such noncontingent, undisputed claims aggregate at least $12,300 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;

The burden of proof rests with creditors filing an involuntary petition to establish each of the elements found under 11 U.S.C. § 303(b)(1). In re ELRS Loss Mitigation, LLC, 325 B.R. 604 (Bankr. N.D. Okla. 2005).

In the instant case, the Court finds that the petitioning creditor has failed to show that his claims are not the subject of a bona fide dispute. The United States Court of Appeals for the Tenth Circuit, in the case of Bartmann v. Maverick Tube Corp., 853 F.2d 1540 (10th Cir. 1988), has provided significant guidance on what it takes for a claim to be considered subject to a bona fide dispute:

> For creditors to successfully petition for involuntary bankruptcy, the bankruptcy court must determine that the creditors have standing and that the debtor generally has not been paying his debts as they become due. Pursuant to 11 U.S.C. § 303(b)(1), a petitioning creditor does not have standing when its debt is subject to a bona fide dispute. The term "bona fide dispute" is not defined in the Code and has been the subject of much debate. We choose to adopt the standard propounded by the Seventh Circuit as to what constitutes a bona fide dispute: "the bankruptcy court must determine whether there is an objective basis for either a factual or a legal dispute as to the validity of debt." The court need not determine the probable outcome of the dispute, but merely whether one exists. Once the petitioning creditor establishes a prima facie case that its claim is not subject to a bona fide dispute, the burden shifts to the debtor to present evidence of a bona fide dispute. Under this objective approach, the debtor's subjective intent does not control whether a claim is considered to be subject to a bona fide dispute.

In the instant case, the Court finds that there is clearly a bona fide dispute as to both the liability and amount of the claim of petitioning creditor, Scott Hunter. It is clear that certain portions of the claim of Scott Hunter have not yet fully matured, pursuant to the terms of a Promissory Note which does not become due until November 1, 2008. It is also apparent from the face of that Promissory Note and from testimony at trial that this particular Promissory Note does not contain any acceleration clause. Furthermore, the Court finds that there are disputes as to amounts due on the other portions of Scott Hunter's claim, such that he has failed to meet his burden of proof establishing that his claim is not the subject of a bona fide dispute. The Seventh Circuit in the case of In re Busick, 831 F.2d 745 (7th Cir. 1987), sets forth the appropriate standard that, if there is a bona fide dispute as to either the law or the facts, then the creditor does not qualify and the petition must be dismissed. Section 303(b)(1) does not require the Court to

determine the outcome of any dispute, only its presence or absence. In re Paczesny, 283 B.R. 715 (Bankr. N.D. Ill. 2002).

In addition to finding that the claims of petitioning creditor, Scott Hunter, are subject to a bona fide dispute, the Court also finds that the claims are contingent in nature in that a large portion of the debt is based upon a $400,000 Promissory Note that has yet to mature. In fact, the balloon payment on said Promissory Note is not due until November 1, 2008, and, although there are payments that have been missed, the Court is without substantial proof that the debt won't be paid when it finally matures.

Even if the Court had not found it appropriate to dismiss the instant involuntary petition pursuant to 11 U.S.C. § 303(b)(1), the Court would have found it proper to abstain from this matter under the terms of 11 U.S.C. § 305(a)(1), which states:

> (a)    The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if -
>
> > (1)    the interests of creditors and the debtor would be better served by such dismissal or suspension;

It is well established that the use of an involuntary bankruptcy filing is an improper method of resolving a two-party dispute. See: ELRS, supra, at 634; and also In re Silver Springs Center, 177 B.R. 759 (Bankr. D. R.I. 1995). The ultimate decision regarding abstention is left to the discretion of the Bankruptcy Court. In re Duratech Industries, Inc., 241 B.R. 283 (U.S.D.C. E.D. N.Y. 1999). The Court finds that the instant case is a classic two-party dispute. The only other petitioning creditors showed little interest in this matter, as they were merely technical creditors at the time of the filing of the involuntary petition, and have, in fact, since been paid the wage claims which they were owed. There is no efficiency of administration to be served by the filing of a Chapter 7 bankruptcy case in this matter, as that would merely add another layer of administrative effort and expense. As the Court found in ELRS, supra, neither party in this matter can demonstrate prejudice if they are forced to litigate their dispute in a state court of competent jurisdiction. As such, the Court finds that, even had petitioning creditors carried their burden

under § 303(b)(1), abstention would be appropriate in this case pursuant to the provisions of 11 U.S.C. § 305(a).

###